UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:11-CR-00082-PMP-GWF |
| Plaintiff, | **ORDER** |
| vs. | |
| LARON MOORE, | |
| Defendant. | |

Before the Court for consideration is Defendant Laron Moore's Motion Pursuant to 28 U.S.C. §2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Doc.#71).

On March 28, 2011, Defendant Moore entered a plea of guilty to a one-count criminal Information charging him with distribution of 50 grams or more of cocaine base (crack cocaine) in violation of 21 U.S.C. §841(a). As part of his plea agreement, Defendant Moore waived his right to appeal any sentence "within the applicable sentencing guideline range determined by the Parties." Other negotiated concessions were made by the Parties as part of the plea agreement and are addressed in the Opposition to Defendant's Motion (Doc. #77) filed on behalf of Plaintiff United States on May 3, 2013.

Because Defendant Moore had an extensive prior record of criminal convictions, the Presentence Report prepared by the United States Department of Probation determined that Defendant Moore's criminal history qualified him for "career offender" status under U.S.S.G. 4B1.1(a), thereby elevating Defendant's Total Offense Level to 31, and yielding

an advisory Sentencing Guideline range of 188 - 235 months imprisonment.

At the sentencing hearing conducted February 6, 2012, the Court considered the arguments of counsel regarding whether Defendant Moore in fact qualified as a "career offender." The Court determined that he did, and imposed the minimum advisory guideline sentence of 188 months imprisonment followed by five years of supervised release.

After unsuccessfully appealing his sentence to the United States Court of Appeals for the Ninth Circuit, Defendant Moore now files the instant §2255 motion alleging his defense attorney was constitutionally ineffective in failing to argue for a lower sentence and failing to challenge two of Defendant Moore's prior State convictions, and also for failing to argue that his sentence was disparate from others similarly situated.

In its Response (Doc. #77) the Government correctly argues that the standard for demonstrating ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984) is stringent. Reviewing again the record of theses proceedings, it is apparent to this Court that the representation provided by Moore's defense counsel in this case did not fall below an objective standard of reasonableness, nor did any deficient performance on the part of Defendant Moore's counsel result in cognizable prejudice to the Defendants. As a result, and good cause appearing,

**IT IS ORDERED** that Defendant Laron Moore's Motion Pursuant to 28 U.S.C. §2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Doc.#71) is **DENIED**.

DATED: May 14, 2013.

PHILIP M. PRO
United States District Judge